IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-768-D

| | | |
|---|---|---|
| RE/MAX LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M.L. JONES & ASSOCIATES, LTD., | ) | |
| and MATTHEW L. JONES, | ) | |
| | ) | |
| Defendants. | ) | |

On November 26, 2012, RE/MAX LLC ("RE/MAX") filed suit against defendants Matthew L. Jones ("Jones"), an individual, and M.L. Jones & Associates, Ltd. (doing business as "FavoriteAgent.com"), a collective business entity [D.E. 1]. RE/MAX asserts claims based on defendants' alleged infringement of RE/MAX trademarks. See [D.E. 1] ¶¶ 23–41. On December 26, 2012, Jones filed an answer to the complaint and asserted seven counterclaims against RE/MAX [D.E. 9]. On January 11, 2013, RE/MAX filed a motion to dismiss Jones's counterclaims [D.E. 10]. See Fed. R. Civ. P. 12(b)(6). Jones responded in opposition to RE/MAX's motion to dismiss [D.E. 13], and RE/MAX replied [D.E. 14]. On June 13, 2013, FavoriteAgent.com filed an answer to the complaint and asserted six counterclaims against RE/MAX [D.E. 22]. On July 3, 2013, RE/MAX filed a motion to dismiss FavoriteAgent.com's counterclaims [D.E. 23]. See Fed. R. Civ. P. 12(b)(6). FavoriteAgent.com responded in opposition [D.E. 25]. As explained below, the court grants in part and denies in part RE/MAX's motions to dismiss.

I.

RE/MAX, a Delaware limited liability company, provides real estate brokerage services in the United States. See [D.E. 1] ¶¶ 2, 8; [D.E. 9] 1; [D.E. 22] 1. As part of its business, RE/MAX

registered two trademarks with the U.S. Patent and Trademark Office. See [D.E. 9] 12; [D.E. 22] 6. Trademark number 1,702,048 consists of three rectangular, solid-color bars, red-over-white-over-blue. See [D.E. 9] 12; [D.E. 22] 6; see also [D.E. 1-1] 1. Trademark number 1,691,854 consists of a hot-air balloon in the upper, left-hand corner against the backdrop of the design in trademark number 1,702,048. See [D.E. 9] 12; [D.E. 22] 6; see also [D.E. 1-1] 2.

FavoriteAgent.com is a North Carolina corporation that Jones founded. See [D.E. 9] 1–2; [D.E. 22] 1. As part of its activities, FavoriteAgent.com has used "red-over-white-over-blue . . . real estate yard signs." [D.E. 22] 6. RE/MAX learned of FavoriteAgent.com's signs and filed this suit, alleging trademark infringement. In response, Jones and FavoriteAgent.com filed numerous counterclaims under federal and state law against RE/MAX. As for the claims under federal law, Jones and FavoriteAgent.com seek a declaratory judgment that RE/MAX's trademarks are invalid under 15 U.S.C. § 1052(b) (count 1), see [D.E. 9] 12–14; [D.E. 22] 7–8; cancellation of RE/MAX's trademarks under 15 U.S.C. § 1119 (count 2), see [D.E. 9] 14; [D.E. 22] 8; and a declaratory judgment that FavoriteAgent.com's signs do not infringe on RE/MAX's trademarks (count 3). See [D.E. 9] 14; [D.E. 22] 8–9. Jones and FavoriteAgent.com also assert claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1–7 (counts 4 and 5). See [D.E. 9] 14–15; [D.E. 22] 9. As for the state law claims, Jones and FavoriteAgent.com assert a violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 (count 6). See [D.E. 9] 15–16; [D.E. 22] 10. Jones alone brings a claim of common law unfair competition (count 7). See [D.E. 9] 16. Only these counterclaims, and not RE/MAX's original claims, are presently at issue.

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007);

Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. In analyzing a motion to dismiss, the court may consider extrinsic documents that were explicitly discussed in the complaint. See, e.g., Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

As for the first and second counterclaims, Jones and FavoriteAgent.com request a declaratory judgment that RE/MAX trademark numbers 1,691,854 and 1,702,048 are invalid under 15 U.S.C. § 1052(b) and seek cancellation of the trademarks. Section 1052(b) requires, in part, that a trademark not be registered if it "[c]onsists of or comprises the flag or coat of arms or other insignia . . . of any foreign nation, or any simulation thereof." 15 U.S.C. § 1052(b). Jones and FavoriteAgent.com contend that RE/MAX's trademarks are invalid because they comprise the flag of the Netherlands. See [D.E. 9] 13; [D.E. 22] 7–8.

RE/MAX responds that these counterclaims should be dismissed because its trademarks have become incontestable under 15 U.S.C. § 1065. See [D.E. 11] 4–5; [D.E. 24] 4–5. A trademark "becomes incontestable after it has been registered and in continuous use for five years and meets four other requirements" enumerated in section 1065. Shakespeare Co. v. Silstar Corp. of Am., 9 F.3d 1091, 1094 & n.2 (4th Cir. 1993); see, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 930 (4th Cir. 1995). A trademark's incontestable status is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's

3

ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b); see Lone Star, 43 F.3d at 930. However, a district court may cancel an incontestable trademark under 15 U.S.C. § 1119 if the cancellation is based on a ground listed in 15 U.S.C. § 1064. See Retail Servs., Inc. v. Freebies Publ'g, 364 F.3d 535, 548 (4th Cir. 2004); Shakespeare, 9 F.3d at 1097–99. Among other bases for cancellation of a trademark, section 1064 provides for cancellation if the trademark was obtained contrary to section 1052(b), which prohibits registrations of foreign flags or their simulations. See 15 U.S.C. § 1064(3). Thus, even assuming that RE/MAX's trademarks have become incontestable within the meaning of 15 U.S.C. § 1065, such status alone does not compel dismissal of the counterclaims where the counterclaims are premised upon a plausible ground for cancellation of an incontestable trademark.

To support their first two counterclaims, Jones and FavoriteAgent.com allege that RE/MAX's trademarks impermissibly comprise the flag of the Netherlands. Specifically, Jones and FavoriteAgent.com identify the similarities between the trademarks and the flag of the Netherlands's red-over-white-over-blue horizontal bars. See [D.E. 9] 12–14; [D.E. 22] 7–8. Jones and FavoriteAgent.com have plausibly alleged their first two counterclaims. See Iqbal, 556 U.S. at 678–79. Whether Jones and FavoriteAgent.com can prove these counterclaims is an issue for another day.

As for the third counterclaim, Jones and FavoriteAgent.com seek a declaratory judgment that FavoriteAgent.com's yard sign does not infringe on any RE/MAX trademark. See [D.E. 9] 14; [D.E. 22] 8–9. This counterclaim is simply the inverse of RE/MAX's claim against Jones and FavoriteAgent.com for trademark infringement. Whether to grant a declaratory judgment is committed to the sound discretion of the court. See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256–58 (4th Cir. 1996). On the current record, the court declines to dismiss the third counterclaim.

4

As for the fourth and fifth counterclaims, Jones and FavoriteAgent.com allege that RE/MAX's suit is sham litigation and an abuse of process in violation of the Sherman Act. See [D.E. 9] 14–15; [D.E. 22] 9. RE/MAX responds that this lawsuit is protected from antitrust liability under the Noerr-Pennington doctrine. See [D.E. 11] 11–17; [D.E. 24] 11–17. "The Noerr-Pennington doctrine guarantees citizens their First Amendment right to petition the government for redress without fear of antitrust liability." Balt. Scrap Corp. v. David J. Joseph Co., 237 F.3d 394, 398 (4th Cir. 2001); see Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27, No. 12-1429, 2013 WL 4505288, at *7 (4th Cir. Aug. 26, 2013); IGEN Int'l, Inc. v. Roche Diagnostics GmbH, 335 F.3d 303, 310 (4th Cir. 2003). Immunity under Noerr-Pennington extends to litigation, see, e.g., IGEN Int'l, 335 F.3d at 310, as well as "pre-litigation communications." Globetrotter Software, Inc. v. Elan Computer Grp., Inc., 362 F.3d 1367, 1376 (Fed. Cir. 2004) (collecting cases). Whether Noerr-Pennington applies is a question of law. IGEN Int'l, 335 F.3d at 310.

However, an exception to Noerr-Pennington immunity exists for those engaging in sham litigation. See, e.g., Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60–61 (1993); Waugh Chapel S., LLC, 2013 WL 4505288, at *7–11; Balt. Scrap, 237 F.3d at 399. The definition of sham litigation has two parts. The first part requires that the "lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." Prof'l Real Estate, 508 U.S. at 60; see Balt. Scrap, 237 F.3d at 399. A lawsuit is not objectively baseless if its proponent had probable cause to bring suit. Prof'l Real Estate, 508 U.S. at 62. "Only if challenged litigation is objectively meritless may a court" move on to the second issue—the "litigant's subjective motivation." Id. at 60. The court need only concern itself here with the first part.

5

In examining whether RE/MAX had probable cause to file suit, a party claiming trademark infringement must show (1) a valid, registered trademark and (2) a likelihood of confusion between the trademark and the allegedly infringing mark. See 15 U.S.C. § 1114(1)(a). The Fourth Circuit has described a number of factors relevant to determining whether there is a likelihood of confusion, including "the strength or distinctiveness of the mark," "the similarity of the two marks," "the similarity of the goods and services that the marks identify," and "the similarity of the advertising the two parties use." Lone Star, 43 F.3d at 933; see Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1527 (4th Cir. 1984). The allegations in RE/MAX's complaint confirm that RE/MAX had probable cause to file a trademark-infringement action against Jones and FavoriteAgent.com.[1] Jones and FavoriteAgent.com have failed to plausibly allege that "no reasonable litigant could realistically expect success" based on the allegations in the complaint. See Prof'l Real Estate, 508 U.S. at 60; see also Iqbal, 556 U.S. at 678–79. Thus, the court dismisses the fourth and fifth counterclaims.

As for the sixth counterclaim, Jones and FavoriteAgent.com allege that RE/MAX violated the UDTPA by filing this lawsuit to intimidate and coerce a competitor. See [D.E. 9] 15–16; [D.E. 22] 10. A party alleging a UDTPA violation must show: "(1) an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." Gupton v. Son-Lan Dev. Co., 205 N.C. App. 133, 143, 695 S.E.2d 763, 771 (2010). "The institution of a lawsuit may be the basis for an unfair trade practices claim if the lawsuit is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." United States v. Ward, 618 F. Supp. 884, 907 (E.D.N.C. 1985). As discussed, RE/MAX had

---

[1] The court's probable-cause determination is not an opinion on the merits of RE/MAX's claims. The court merely concludes that RE/MAX's lawsuit is not "objectively baseless" and a sham. Prof'l Real Estate, 508 U.S. at 60.

6

probable cause to file this lawsuit and the action is not objectively baseless. Thus, the lawsuit is not an unfair act prohibited by the UDTPA. See id.; Gupton, 205 N.C. App. at 143–44, 695 S.E.2d at 771. Accordingly, Jones and FavoriteAgent.com have failed to plausibly allege a UDTPA claim. See Iqbal, 556 U.S. at 678–79.

Finally, Jones brought a seventh counterclaim alleging that RE/MAX committed the North Carolina common law tort of unfair competition. See [D.E. 9] 16. The tort of unfair competition seeks to protect "a business from misappropriation of its commercial advantage earned through organization, skill, labor, and money." Henderson v. U.S. Fid. & Guar. Co., 346 N.C. 741, 749, 488 S.E.2d 234, 240 (1997). "The standard which a plaintiff must meet to recover on an unfair competition claim under the common law is not appreciably different" from a UDTPA claim. BellSouth Corp. v. White Directory Publishers, Inc., 42 F. Supp. 2d 598, 615 (M.D.N.C. 1999); see Blue Rhino Global Sourcing, Inc. v. Well Traveled Imports, Inc., 888 F. Supp. 2d 718, 721 n.1 (M.D.N.C. 2012). Jones's unfair competition counterclaim duplicates his UDTPA counterclaim and meets the same fate. Jones has failed to plausibly allege a claim for unfair competition. See Iqbal, 556 U.S. at 678–79.

II.

In sum, RE/MAX's motions to dismiss [D.E. 10, 23] are GRANTED IN PART and DENIED IN PART. The court DISMISSES Jones's and FavoriteAgent.com's fourth, fifth, and sixth counterclaims and Jones's seventh counterclaim.

SO ORDERED. This 29 day of August 2013.

JAMES C. DEVER III
Chief United States District Judge

7