IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00768-D

| RE/MAX, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| M.L. JONES & ASSOCIATES, LTD., and | ) |  |
| MATTHEW L. JONES, *d/b/a* | ) |  |
| Favoriteagent.com | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Plaintiff RE/MAX, LLC ( "Plaintiff") moves the court for an order awarding attorney's fees in the amount of $2,612.50 and costs in the amount of $125.00 incurred as a result of Defendant Matthew L. Jones ("Jones") failing to appear at his deposition. [DE-55]. Plaintiff further requests a fee award in the amount of $2,170.00 incurred in connection with filing the instant motion. *Id.* Jones has responded in opposition to the motion. [DE-57].

## BACKGROUND

On November 26, 2012, Plaintiff filed suit against Defendants Matthew L. Jones ("Jones"), an individual, and M.L. Jones & Associates, Ltd. (doing business as "FavoriteAgent.com"), a collective business entity. [DE-1]. According to the complaint, FavoriteAgent.com is a North Carolina corporation with its principal place of business in Fayetteville, North Carolina. *Id.* ¶ 3. Jones is the founder and a current principal of FavoriteAgent.com, controls and directs the activities of FavoriteAgent.com, and provides real estate services on behalf of himself and FavoriteAgent.com. *Id.* ¶ 4. Plaintiff asserts claims based on Defendants' alleged infringement of RE/MAX trademarks.

*Id* ¶¶ 23-41. On December 26, 2012, Defendants, proceeding jointly and without an attorney, filed an answer and counterclaims. [DE-9]. Because Defendant FavoriteAgent.com is a collective entity and cannot litigate *pro se*, the court directed that counsel must enter an appearance in the case on behalf of Defendant FavoriteAgent.com. [DE-16, -17, -20]. Ultimately, FavoriteAgent.com retained its own counsel, who subsequently noticed his appearance and filed a separate answer and counterclaim on behalf of FavoriteAgent.com. [DE-21, -22]. Defendant Jones continues to proceed *pro se*.

On March 7, 2014, Plaintiff served a notice of deposition upon Jones. [DE-56-1]. The certificate of service indicates the notice was served on counsel of record by e-mail and was served on Defendants by regular mail to "Matthew L. Jones, FavoriteAgent.com, 212 Northstone Place, Fayetteville, NC 28303." *Id.* at 4. The notice states that Plaintiff will take the deposition of Jones pursuant to Fed. R. Civ. P. 30 on March 27, 2014 at 10 a.m. in Fayetteville, North Carolina. *Id.* at 2. A deposition notice for the corporate representative of FavoriteAgent.com was served noticing the deposition pursuant to Fed. R. Civ. P. 30(b)(6) for the following day. [DE-56-3] at 10:10-12.

On March 27, 2014, counsel for Plaintiff traveled to Fayetteville, North Carolina from Charlotte, North Carolina to take Jones' deposition. Aff. of Matthew J. Ladenheim [DE-56-3] at 2 ¶ 4. Jones failed to appear at the deposition. *Id.* According to Plaintiff, Plaintiff's counsel confirmed by email that deposition notices were delivered to counsel for FavoriteAgent.com as well as to Jones. [DE-56-3] at 10:20-22.

Plaintiff's counsel ultimately deposed Jones on April 23, 2014. [DE-56-4] at 5. In that deposition, Jones identified the original notice of deposition and stated that he received the notice via e-mail. *Id.* at 6:23-7:1. Further, Jones stated "I recall that I did not receive [the notice] by mail."

2

*Id.* at 7:6. After Jones received the notice, he noted that his calendar was clear for that day and marked the time of the deposition on his calendar. *Id.* at 7:19-20. Jones stated that he also received the notice of deposition for FavoriteAgent.com via e-mail and "put it on the calendar and basically forgot about it." *Id.* at 7:22-8:11.

## **DISCUSSION**

Plaintiff argues that an award of costs and attorneys' fees is an appropriate sanction under Fed. R. Civ. P. 37(d) due to Jones' failure to appear at a properly noticed deposition. Pl.'s Mem. [DE-56] at 4. In response, Jones argues that neither he nor FavoriteAgent.com received proper written notice of the deposition pursuant to N.C. R. Civ. P. 30(b)(1), that Plaintiff failed to mitigate its damages, that he already compensated Plaintiff by making concessions with regard to rescheduling and extending discovery, that Plaintiff is seeking sanctions in bad faith after already being compensated, that Plaintiff seeks to recover unreasonable fees and costs, and that Plaintiff seeks attorneys' fees based on a meritless motion for sanctions. Def.'s Mem. [DE-57]. For the reasons that follow, Plaintiff's motion for attorneys' fees and costs will be allowed in part.

Fed. R. Civ. P. 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and if known, the deponent's name and address." A notice of deposition must also give the parties reasonable time to prepare for the deposition. *See United States v. Woods*, No. 5:07-CV-187-BR, 2008 WL 2115130, at *2 (E.D.N.C. May 16, 2008) (holding that a notice of deposition sent two weeks before the scheduled date was reasonable). Fed. R. Civ. P. 5 governs service of notices of deposition, and provides that service of a notice of deposition may be made by "mailing it to the person's last known address—in which event service is complete upon mailing."

3

Fed. R. Civ. P. 5(a)(1)(E); (b)(2)(C). E-mail service is only effective if the parties have consented in writing to accept electronic service. Fed. R. Civ. P. 5(b)(2)(E).

"Because service is complete upon mailing, non-receipt of the information does not affect the validity of service." *United States v. Wright*, No. 00-4030, 2000 WL 1846340, at *2 (4th Cir. Dec. 18, 2000) (per curiam) (unpublished) (citations omitted). Therefore, the issue is not whether the party actually received the notice of deposition, but instead whether the notice of deposition was properly mailed. *Khan v. Chevrolet*, No. 5:10-CV-33-F, 2010 WL 5477268, at *4 n.2 (E.D.N.C. 2010). The serving party has the burden of showing that service was made, and a valid certificate of service creates a presumption of mailing. *Wright*, 2000 WL 1846340, at *3. Further, a party's statement that he did not receive the notice of deposition is insufficient to rebut the presumption of proper mailing. *Khan*, 2010 WL 5477268, at *4 n.2; *Wright*, 2000 WL 1846340, at *4.

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Such sanctions may consist of orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), or the court may require the party that failed to attend his deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "[T]he imposition of discovery sanctions is generally within the sound discretion of the trial court." *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 344161, at *5 (W.D.N.C. Aug. 8, 2011) (internal citations and quotations omitted). In *Billips*, "either Plaintiff appeared at his examination and contrary to the rules failed to proceed, or he failed to appear." *Id.* at *6. The court awarded a total of $2,500.00 in sanctions, even though the Defendant asked for $7,619.70, noting that "[t]he sanctions awarded are significantly less

4

than the Court might have awarded because the undersigned is convinced that the underlying dispute was created by an error in judgment and/or a misreading of applicable law, rather than bad faith." *Id.* at *2, 6.

Here, the parties have not consented in writing to accept electronic service. *See* Report of Rule 26(f) Planning Meeting [DE-32]; Scheduling Order [DE-39]. As such, the e-mail service, [DE-56-1] at 4, did not serve to effectuate service of the notice of deposition on Jones.[1] Fed. R. Civ. P. 5(b)(2)(E). The certificate of service on the notice of deposition, however, states that the notice was served on Jones by "depositing a copy of the [document] with the United States Postal Service, First class postage prepaid addressed as follows: Matthew L. Jones, FavoriteAgent.com, 212 Northstone Place, Fayetteville, NC 28303." [DE-56-1] at 4. As this was the last known address for Jones at the time, this certificate of service creates a presumption of proper mailing.[2] *Wright*, 2000 WL 1846340, at *3. The only evidence Jones presents to rebut this presumption of actual mailing is his own

---

[1] The e-mail service also failed to effectuate service of the notice of deposition on FavoriteAgent.com. Fed. R. Civ. P. 30(b)(1) (requiring that written notice of a deposition be served on all parties). Because FavoriteAgent.com is represented by counsel, written notice must be served on FavoriteAgent.com's counsel. Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). As there is no agreement to accept electronic service, the e-mail service to FavoriteAgent.com's attorney failed to effectuate service on Defendant FavoriteAgent.com. Even so, Rule 37(d)(1)(A)(i) only considers the notice of deposition for the party that failed to appear at the deposition in determining whether the court may award sanctions–not the notice served on all other parties. Additionally, counsel for FavoriteAgent.com did not object to the electronic service, nor did he file a motion to quash the deposition. *See Rushing v. Bd. of Supervisors of the Univ. of La. Sys.*, 270 F.R.D. 259, 261 (M.D. La. 2010) (granting in part a motion for sanctions and determining that defendants waived defective service of notice of deposition made via e-mail where counsel for defendants did not object to the form of service or file a motion to quash the deposition). Accordingly, while the court determines that Plaintiff did not properly serve the notice of deposition on Defendant FavoriteAgent.com, this failure does not impact the court's ability to award sanctions under Rule 37 where Defendant Jones was properly noticed for his deposition.

[2] Although Jones' listed address has now changed on the docket, this change did not become effective until October 17, 2014. *See* [DE-69-1, -70-1] (including cover letters asking the court to change the listed address for Jones). On March 7, 2014, when counsel for Plaintiff executed the certificate of service, the 212 Northstone Place address was the address used by Jones. *See, e.g.*, [DE-13] at 32 (Jones' response to Plaintiff's motion to dismiss counterclaims, dated February 7, 2014, and listing the 212 Northstone Place address for Jones).

5

statement that he did not receive the notice of deposition in the mail. Jones has failed to rebut the presumption of proper mailing, and accordingly service of the notice of deposition was complete on March 7, 2014, when the notice was mailed. *Khan*, 2010 WL 5477268, at *4 n.2; *Wright*, 2000 WL 1846340, at *4.

Further, the notice of deposition included the time and place of the deposition (10 a.m. on March 27th at the offices of Starkings Reporting & Video located at 916A Hay St. in Fayetteville, North Carolina). [DE-56-1] at 2. The deponent's name (Matthew L. Jones) was included, and his address was reflected on the certificate of service. *Id.* at 4. The notice of deposition was mailed on March 7, 2014, and the scheduled time for deposition was March 27, 2014, giving Jones 20 days notice of the deposition. Accordingly, the notice of deposition was reasonable both as to its contents and the time in which it was provided.

Because Jones failed to attend a properly noticed deposition, an award of sanctions under Fed. R. Civ. P. 37(d)(1)(A)(i) and (d)(3) is appropriate. The evidence suggests that Jones knew of the date and time of the deposition, and inadvertently forgot to attend. [DE-56-4]. As the failure to attend was inadvertent, as opposed to being in bad faith, the court utilizes its discretion to award less than the entire amount of fees and costs requested. *Billips*, 2011 WL 344161, at *6. Although Plaintiff requests a total of $4,907.50 in attorneys' fees and costs, the court determines that an award of $1,000.00 in sanctions is appropriate.

## CONCLUSION

It is therefore ordered that Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART, and DENIED IN PART. The request for sanctions is GRANTED, and it is further ordered that Defendant, Matthew L. Jones, shall pay counsel for Plaintiff, Matthew J. Ladenheim, Ian R.

6

Walsworth, and John R. Posthumus, for expenses related to the instant motion in the total amount of $1,000.00, as soon as possible, but not later than **November 27, 2014.**

SO ORDERED, this the 27th of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge